ELLIS, Judge:
This is a suit by Leola M. Facundus for Workmen’s Compensation benefits allegedly due as the result of an accident in which she fell and aggravated a pre-existing back injury. Defendants are the State of Louisiana, Department of Health and Human Resources, and Rockwood Insurance Company, its insurer. After filing answer, the State and Rockwood filed a third party petition, impleading Levelle Fortenberry, Michael W. Dufrene and Canal Insurance Company, and asking for indemnity or contribution, in the event plaintiff should prevail herein.
According to the third party petition, Mrs. Facundus first injured her back in an automobile accident which was allegedly due to the negligence of Mr. Dufrene, who was operating a truck owned by Mr. For-tenberry and insured by Canal. It is further alleged that the major cause of plaintiff’s disability is the injury suffered in the automobile accident, and that the third party defendants should pay all or part of the workmen’s compensation benefits paid by the State and Rockwood to plaintiff.
To the third party petition, third party defendants filed a declinatory exception of lis pendens and dilatory exceptions of improper cumulation of actions and improper joinder of parties. It is alleged that there is pending, in the Twenty-Second Judicial District Court, a suit entitled “Leola M. Facundus v. Canal Insurance Co., Levelle Fortenberry and Michael Dufrene,” No. 50026, filed on September 16, 1977. It is further alleged that the said suit is “between the same parties, in the same capacities, on the same cause of action, and has the same object as does the Third Party Petition filed herein.” Both exceptions appear to be based on the same grounds.
After a hearing, both exceptions were maintained by the trial judge, and the third party demand was dismissed with prejudice. From the judgment of dismissal, defendants-third party plaintiffs have appealed.
No note of evidence appears in the record, but, from the briefs of the parties, we find the following facts to be established, since admitted therein.
1. The suit entitled “Leola M. Facundus v. Michael Dufrene, Levelle Fortenberry and Canal Indemnity Company," No. 50026 of the docket of the Twenty-Second Judicial District Court for the Parish of St. Tammany, was filed on September 16, 1977.
2. Mrs. Facundus allegedly fell and injured her back, while in the course and scope of her employment, on January 2, 1977.
3. This suit was filed on October 23, 1978.
4. On April 27, 1979, the third party petition herein was filed.
5. On May 22, 1979, Rockwood intervened in the first suit, No. 50026, asking for judgment against Dufrene, Fortenberry and Canal for all amounts paid as workmen’s compensation benefits to Mrs. Facundus.
6. On June 6, 1979, these exceptions were filed in this suit.
Article 1034 of the Code of Civil Procedure permits defendant in an incidental action to plead exceptions available to a defendant in a principal action. Article 531 of the Code of Civil Procedure provides:
*487 “When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”
In this case the two actions between the parties are the third party action filed in this suit and the intervention filed in the St. Tammany Parish suit. Since the third party action herein was filed before the intervention, the exceptors are not entitled to have it dismissed, even if all of the other requirements of Article 531, supra, are met. We therefore pretermit consideration of the questions of identity of cause of action, parties, capacity and object. The exception should have been overruled because the third party action herein was the first filed between these parties.
The dilatory exceptions filed herein are based on the same factual allegations. There is no basis in law for a finding of improper cumulation of actions or improper joinder of parties in this case.
The judgment appealed from is therefore reversed and set aside, and there will be judgment in favor of the State of Louisiana and Rockwood Insurance Company, overruling the exceptions filed by Fortenberry, Dufrene and Canal Insurance Company, and remanding the case to the trial court for further proceedings according to law. Third party defendants shall pay all costs of this appeal. All other costs shall await final determination hereof on the merits.
REVERSED AND REMANDED.